UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CENGAGE LEARNING, INC., ELSEVIER,                           :
INC., MCGRAW-HILL GLOBAL                                    :
EDUCATION HOLDINGS, LLC, PEARSON                            :
EDUCATION, INC., and JOHN WILEY &                           :      No. 13 Civ. 7772 (VSB)
SONS, INC.,                                                 :
                                                            :           ORDER
                                    Plaintiffs,             :
                                                            :
                  -v-                                       :
                                                            :
MIKE SHI, a/k/a YI SHI, JENNY LI,                           :
JACKIE OSWALD, and DOES 1-10                                :
d/b/a BOL TEBOOKS.COM and                                   :
EBOOKA VE.COM,                                              :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/21/2017__

VERNON S. BRODERICK, United States District Judge:

      Plaintiffs Cengage Learning, Inc., Elsevier, Inc., McGraw-Hill Global Education Holdings, LLC, Pearson Education, Inc., and John Wiley & Sons, Inc., (collectively "Plaintiffs") brought this copyright and trademark action against Defendant Mike Shi ("Shi"), doing business as BolteBooks.com and eBookAve.com (the "Websites," and collectively with Shi, "Defendants").  Before me is the detailed and thorough Report and Recommendation of Magistrate Judge Frank Maas issued on September 3, 2015, (Doc. 45 ("Report" or "R&R")), recommending that Plaintiffs be awarded $5 million in statutory damages under the Copyright Act, plus prejudgment interest from the date the Complaint was filed, calculated at the rate set forth in 28 U.S.C. § 1961.  (R&R at 14.)  The Report also recommends that a permanent injunction be entered against further infringing activities by Defendants.  (*Id.*)  Plaintiffs filed an

objection to the Report on September 16, 2015, arguing that they are entitled to the full $16,590,000 in statutory damages which they requested, but otherwise agreeing with the Report's conclusions. (*See* Pls.' Resp. at 2; Pls.' Proposed Findings & Conclusions ¶¶ 62, 63.)[1] Because I agree with Magistrate Judge Maas's determination that Plaintiff's statutory damages should be limited to those under the Copyright Act, and that $5,000,000 is an appropriate amount to compensate Plaintiffs for their losses and to deter Defendants' infringing conduct, I ADOPT the Report and Recommendation in its entirety, and grant Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants.

## I.      Factual and Procedural Background

The facts set forth in the Report are incorporated herein by reference unless otherwise noted. On November 1, 2013, Plaintiffs initiated this action by filing their complaint, asserting claims against Defendants for trademark and copyright infringement. ("Compl.").[2] While the precise nature of the claims is laid out in more detail in the Report, the Complaint broadly alleges that Plaintiffs are educational publishers and that Defendants are repeated infringers of Plaintiffs' intellectual rights who advertise and sell unauthorized copies of Plaintiffs' materials in the United States through the Websites. (*Id.* ¶¶ 2, 3.)

Defendants never answered Plaintiffs' Complaint. On May 20, 2014, Plaintiffs filed a request for default against Defendants, (Doc. 23), and a declaration in support of the request for default, (Doc. 24). The Clerk of Court entered a Certificate of Default against Defendants on May 23, 2014. (Doc. 25.) Plaintiff sought, and I issued, an Order to Show Cause on August 26,

---

[1] "Pls.' Resp." refers to Plaintiffs' Response to Report and Recommendation Regarding Motion for Default Judgment. (Doc. 46.) "Pls.' Proposed Findings & Conclusions" Refers to Plaintiffs' Proposed Findings of Fact and Conclusions of Law. (Doc. 44-1.)

[2] "Compl." refers to Plaintiffs' Complaint For: 1. Copyright Infringement 2. Secondary Liability For Copyright Infringement 3. Trademark Infringement (15 U.S.C. § 1114) 4. Trademark Dilution (15 U.S.C. § 1125(C)) 5. Unfair Competition And False Designation Of Origin (15 U.S.C. § 1125(a)) filed on November 1, 2013. (Doc. 1.)

2014, (Doc. 27), which was served on Defendants via electronic mail on September 3, 2014, (Doc. 36), directing Defendants to show cause why an order should not be issued granting Plaintiff a default judgment. I held a show cause hearing on October 14, 2014, for which Defendant failed to appear, and I referred the action to Magistrate Judge Frank Maas for an inquest as to liability and damages. (*See* 10/14/2014 Tr.)[3]

On October 29, 2014, Magistrate Judge Maas issued a Scheduling Order instructing that by December 23, 2014, Plaintiffs file an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth Plaintiff's proof of damages, including the costs of this action and, if applicable, Plaintiff's reasonable attorney's fees, together with proposed findings of fact and conclusions of law. (Doc. 41.) Magistrate Judge Maas further directed that Defendants file any opposition on or before January 6, 2015. (*Id*.)

Plaintiffs filed their Proposed Findings of Fact and Conclusions of Law on December 23, 2014. (Doc. 44.) Plaintiffs sought $13,590,000 dollars in statutory damages under the Copyright Act, (Pls.' Proposed Findings & Conclusions ¶ 62), $3,000,000 in statutory damages under the Lanham Trademark Act, (*id.* ¶ 63), and an injunction permanently barring Defendants from engaging in a host of allegedly infringing activities, (*id.* ¶ 64).

On September 3, 2015, Magistrate Judge Maas issued the Report recommending $5,000,000 in damages under the Copyright Act, along with prejudgment interest from the date the Complaint was filed, November 1, 2013, and that Defendants be permanently enjoined from further infringing on Plaintiffs' copyrights and trademarks. (R&R at 14.) The Report notified

---

[3] Although the Order of Reference checks the box indicating referral for "Inquest After Default/Damages Hearing," (Doc. 41), there was a Clerk's Certificate of Default entered but no default judgment. As indicated on the record at the Order to Show Cause hearing, and apparently understood by Plaintiff and Magistrate Judge Maas, the question of underlying liability depended on the damages question, to be determined by Magistrate Judge Maas. (*See* 10/14/2014 Tr. at 2-3.)

3

the parties that written objections were due within fourteen days of the service of the Report.  On September 16, 2015, Plaintiffs filed an objection to the Report.  (Doc. 46.)

On November 22, 2016, Plaintiffs submitted a letter identifying subsequent authority supporting an award of statutory damages under both the Copyright Act and the Lanham Act.  (Doc. 47.)  The authority at issue is *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137 (E.D.N.Y. 2016).  The Court in *Innovation Ventures* awarded statutory damages under both the Copyright Act and the Lanham Act, stating:

> The court finds that the injuries suffered by plaintiffs for trademark and copyright infringement are distinct, as contemplated by Congress in enacting two separate statutory schemes, neither of which precludes recovery under both statutes.  Here, the damages sustained from defendants' copyright and trademark infringement are separate even though they arose from the same product.

*Id.* at 175.  Plaintiffs requested that I consider their objection in light of *Innovation Ventures*, decline to adopt those aspects of Magistrate Judge Maas's Report finding Plaintiffs should not be awarded statutory damages under both the Copyright Act and the Lanham Act, (R&R at 9), and "award them statutory damages under the Lanham Act, in addition to the Copyright Act."  (Doc. 47 at 3.)

## II.   Legal Standard

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely, specific objection, a district court reviews *de novo* the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  With regard to a report and

recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. *See Pearson–Fraser v. Bell Atl.*, No. 01-CV-2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Court "should take the necessary steps to establish damages with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

### III.    Discussion

For purposes of this Order, I assume familiarity with the underlying facts and analysis as set forth in Magistrate Judge Maas's Report and Recommendation. Plaintiffs submitted only a general objection to the amount of damages awarded. Apart from summarizing the procedural and factual history, Plaintiffs' only argument in their two-page submission is as follows: "Plaintiffs still believe that the full amount of statutory damages they requested is more than warranted here based on Defendants' egregious and willful infringement. Otherwise, Plaintiffs lodge no objection to the Recommendation." (Pls.' Resp. at 2.)

Plaintiffs' objections are not specific enough to trigger *de novo* review.  In his Report, Magistrate Judge Maas put the parties on notice that the objections were to be filed pursuant to Federal Rule of Civil Procedure 72(b), which requires objections to be specific.  (R&R at 14.) Yet Plaintiffs do not specify how the Report is in any way legally or factually in error.  Nor do they object to his conclusion that Plaintiffs are not entitled to an award of statutory damages under both the Copyright Act and Lanham Act.  The fact that they raised this argument in a letter of supplemental authority a year later is insufficient, as it is far outside the time allowed for objections.

Having conducted a review of the Report and applicable legal authorities, I find that the Report is not clearly erroneous.  First, the Report's conclusion that a plaintiff should not be awarded statutory damages under both the Copyright Act and the Lanham Act, (R&R at 9), is not clearly erroneous.  It does not appear many courts in this Circuit have reached this issue, and at least two of those that have are in disagreement.  *Compare Tu v. TAD Sys. Tech. Inc.*, No. 08-CV-3822 (SLT) (RM), 2009 WL 2905780, at *4 (E.D.N.Y. Sept. 10, 2009) (declining to grant plaintiffs duplicative statutory damages under the Copyright Act and the Lanham Act) *with Innovation Ventures, LLC*, 176 F. Supp. at 175 (granting plaintiff damages under both the Lanham Act and Copyright Act).  However, I agree with Magistrate Judge Maas that a recovery of statutory damages under both Acts seems inappropriate here, as the awards would compensate the same injury and "[a] plaintiff seeking compensation for the same injury under different legal theories is of course entitled to only one recovery."  *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1997); *see also Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 720 (2d Cir. 1992) (holding that a party "may not obtain a double recovery where the damages for copyright infringement and trade secret misappropriation are coextensive").  Further, I agree

with Magistrate Judge Maas's conclusion that recovery under the Copyright Act, rather than the Lanham Act, is the appropriate remedy here because "Defendants' unauthorized sale of Plaintiff's copyrighted materials is the substantial cause of their damages." (R&R at 10.)

I also agree with Magistrate Judge Maas's determination that Plaintiff's statutory damages under the Copyright Act should be $5,000,000, rather than the $13,590,000 Plaintiffs requested. Under the Copyright Act, a copyright owner who elects statutory damages may recover for each infringement the "sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the infringement is willful, a court may increase an award of statutory damages to a maximum of $150,000 per infringement. *Id.* § 504(c)(2). Conversely, if the infringer "was not aware and had no reason to believe that" its "acts "constituted an infringement," the Court may "reduce the award of statutory damages to a sum of not less than $200." *Id.* Within these limits, the Court has broad discretion in awarding statutory damages. *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986). In determining the appropriate award of statutory damages, a Court may consider such factors as "the expenses saved and profits reaped by the defendants, the revenues lost by the Plaintiffs, the value of the copyright, the deterrent effect of the award on other potential infringers, and factors relating to individual culpability." *Jett v. Ficara*, No. 04 Civ. 9466(RMB)(HBP), 2007 WL 2197834, at *7 (S.D.N.Y. July 31, 2007) (collecting cases). Ultimately, the "statutory damages [award] should bear some relation to actual damages suffered." *Van Der Zee v. Greenidge*, No. 03 Civ. 8659(RLE), 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006) (quoting *RSO Records, Inc. v. Peri*, 596 F. Supp. 849, 862 (S.D.N.Y. 1984)).

Here, Plaintiffs seeks $30,000 per copyright for Defendants' infringement of each of their 453 copyright-protected work—a total of $13,590,000. (Pls.' Proposed Findings & Conclusions

7

¶ 48.)  Magistrate Judge Maas concluded that Defendants' conduct was willful, (R&R at 10), and that Defendants' willful conduct and subsequent default made it difficult to assess either Defendants' profits or Plaintiffs' lost revenues.  (*Id.* at 11.)  Despite this difficulty, Magistrate Judge Maas found it "clear that the Defendants profited substantially from their infringing conduct, while the Plaintiffs suffered losses."  (*Id.*)  However, while he felt this all pointed towards a substantial statutory damages award, Magistrate Judge Maas believed that $13,590,000 seemed excessive given that there had been no showing of any actual decline in Plaintiffs' sales.  (*Id.* at 12.)  Magistrate Judge Maas therefore recommended that Plaintiff be awarded $5,000,000 in statutory damages—approximately $11,040 per copyright—under the Copyright Act, as he found that this amount would be more than adequate both to compensate Plaintiffs for their losses and to deter future infringement by Defendants.  (*Id.*)  I do not believe this conclusion was clearly erroneous, and therefore adopt Magistrate Judge Maas's recommendation.  Plaintiff is entitled to statutory damages of $5,000,000 under the Copyright Act.

I also adopt Magistrate Judge Maas's recommendation that Plaintiffs be awarded prejudgment interest on their statutory award under the Copyright Act.  While the Copyright Act does not explicitly provide for prejudgment interest, other judges in this District have determined such an award is appropriate and I see no reason to deviate from that practice here.  *See, e.g.*, *EMI April Music, Inc. v. 4MM Games, LLC.*, No 12 Civ. 2080(DLC)(JLC), 2014 WL 325933, at *9 (S.D.N.Y. Jan. 13, 2014), *rep. & rec. adopted*, 2014 WL 1383468 (S.D.N.Y. Apr. 7, 2014); *TigerCandy Arts, Inc. v. Blairson Corp.*, No. 09 Civ. 6215(GBD)(FM), 2012 WL 760168, at *6 (S.D.N.Y. Feb. 23, 2012), *rep. & rec. adopted*, 2012 WL 1948816 (S.D.N.Y. May 30, 2012).  I do not believe Magistrate Judge Maas's granting of prejudgment interest to be clearly erroneous.

Finally, I agree with Magistrate Judge Maas that a permanent injunction is justified here.

A court may issue an injunction when the moving party establishes that there is a statutory basis for relief and that it "meets the prerequisites for the issuance of an injunction." *Pitbull Prods., Inc. v. Universal Netmedia, Inc.*, No. 07 Civ. 1784(RMB)(GWG), 2007 WL 3287368, at *5 (S.D.N.Y. Nov. 7, 2007) (*quoting Kingvision Pay-Per-View Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006)).  The second requirement necessitates that the party seeking the injunction "demonstrate irreparable harm and the absence of an adequate remedy at law." *Id.*  In intellectual property actions, such permanent injunctions generally are granted when there is "a threat of continuing [violations]." *See Software Freedom Conservancy, Inc. v. Best Buy Co.*, No. 09 Civ. 10155(SAS), 2010 WL 2985320, at *2-3 (S.D.N.Y. July 27, 2010) (granting permanent injunction because defendant continued its violations even after being "informed of its unlawful infringement").

Here, Plaintiffs have met the first requirement because the Copyright Act provides that a court may "grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright," 17 U.S.C. § 502(a), and the Lanham Act authorizes federal courts the "power to grant injunctions, according to the principles of equity" in trademark infringement cases, 15 U.S.C. § 1116(a).  Further, I agree with Magistrate Judge Maas that the second requirement is met both because Defendants' default functions as an admission that they infringed Plaintiff's copyrights and trademarks, and because Defendants' repeated willful infringement of Plaintiffs' intellectual property rights demonstrates that Defendants likely intend to continue infringing Plaintiffs' rights.  (*See* R&R at 14.)  In these circumstances, a permanent injunction is justified.

### IV. Conclusion

Having reviewed the Report and Recommendation for clear error and found none, I

hereby ADOPT the Report and Recommendation in its entirety.

Defendants have been properly served with the Complaint and Summons; and none of the Defendants having filed an Answer, or otherwise appeared in this action; and the Clerk of Court having entered a Certificate of Default against Defendants on May 23, 2014; it is hereby ORDERED that Plaintiffs' Motion for Default Judgment and Permanent Injunction Against Defendants is GRANTED.  Defendants are liable for willful copyright infringement under federal law, 17 U.S.C. §§ 101, et seq., and willful trademark infringement under federal law, 15 U.S.C. §§ 1114, et seq.  As a result of Defendants' unlawful conduct, Plaintiffs are entitled to the entry of a final judgment and permanent injunction against Defendants.

IT IS FURTHER ORDERED that Plaintiffs are awarded $5,000,000, along with prejudgment interest from November 1, 2013 calculated in accordance with the rate set forth in 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that Shi, and his agents, servants, employees, successors, and assigns, and all those acting in concern or participation with him, are permanently enjoined and restrained from:

> (a) directly or indirectly infringing Plaintiffs' rights in any copyrighted work or any trademarks that are owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs), whether now in existence or later created ("Plaintiffs' Works").
>
> (b) engaging in any of the following without written authority from the relevant Plaintiff or Plaintiffs:
>
>> (i) Copying, reproducing, downloading, distributing, uploading, linking to, transmitting, or otherwise exploiting in any manner any of Plaintiffs' Works;
>>
>> (ii) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to copy, reproduce, download, distribute, upload, link to, transmit, or otherwise exploit any of Plaintiffs' Works; and
>>
>> (iii) Directly or indirectly using, operating, maintaining, assisting, distributing, or supporting any computer server, website, software, domain name, or payment processing system in connection with the copying, reproduction, downloading,

      distribution, uploading, linking to, transmission, or other exploitation in any manner of any of Plaintiffs' Works.

      (iv) Using any reproduction, counterfeit, copy, or colorable imitation of any of Plaintiffs' trademarks for or in connection with any of Plaintiffs' textbooks or other goods or services not authorized by Plaintiffs; and

      (v) Engaging in any course of conduct likely to cause confusion, deception, or mistake, or injure Plaintiffs' business reputations or weaken the distinctive quality of Plaintiffs' trademarks, reputation, or goodwill.

IT IS FURTHER ORDERED that Shi, and his agents, servants, employees, successors, and assigns, and all those acting in concern or participation with him, shall destroy all infringing copies of Plaintiffs' Works that he has in his possession, custody, or control.

IT IS FURTHER ORDERED that Shi, and his agents, servants, employees, successors, and assigns, and all those acting in concert or participation with him, or, alternatively, the domain name registries acting on his or their behalf, shall transfer to a person or entity of Plaintiffs' choosing the eBookAve.com and BolteBook.com domains.

IT IS FURTHER ORDERED that, in accordance with this Court's inherent equitable powers and its power to enforce compliance with its lawful orders, in the event Shi violates this Default Judgment and Permanent Injunction and/or Plaintiffs discover any new websites registered or operated by Shi containing or offering for sale, rent, or download any material infringing Plaintiffs' Works or Plaintiffs' trademarks ("Newly-Detected Domains"), Plaintiffs, either collectively or individually, may move the Court for a supplemental order ("Supplemental Order"), including to transfer to Plaintiffs the Websites' domain names and/or the Newly-Detected Domains.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Default Judgment and Permanent Injunction.

The Clerk of Court is respectfully directed to enter judgement for Plaintiffs and close the case.

SO ORDERED.

Dated: March 21, 2017
New York, New York

_____
Vernon S. Broderick
United States District Judge